UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THE CONCORD CONDOMINIUM
ASSOCIATION, INC.                                           CIVIL ACTION

VERSUS                                                      NO. 23-833-JWD-EWD

CERTAIN UNDERWRITERS
AT LLOYD'S LONDON, ET AL.

### RULING AND ORDER

This matter comes before the Court on the *Motion to Compel Arbitration and Stay the Proceedings* (Doc. 7) filed by Defendants, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity Company of Arizona, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, "Defendants"). Plaintiff The Concord Condominium Association, Inc. opposes the motion. (Doc. 9.) Defendants filed a reply. (Doc 12-2.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule.

For the reasons given in *City of Kenner v. Certain Underwriters at Lloyd's, London*, No. 21-2064, 2022 WL 307295 (E.D. La. Feb. 2, 2022) (Barbier, J.); *6600 Plaza Square, LLC, et al. v. Certain Underwriters at Lloyd's London, et al.*, No. 21-649, slip op. (M.D. La. June 15, 2022) (deGravelles, J.), Doc. 24; and *Natchitoches Parish School Board v. Certain Underwriters at Lloyd's London, et al.*, No. 22-693, slip op. (M.D. La. Sept. 20, 2023) (deGravelles, J.), Doc. 19,

**IT IS ORDERED** that Defendants' motion (Doc. 7) is **GRANTED**, and this case is stayed and administratively closed, pending the outcome of arbitration.

Specifically, the Court finds that the arbitration clause should be read as between each Defendant and Plaintiff, separately. *City of Kenner*, 2022 WL 307295, at *2. As such, the Court must order arbitration of Plaintiff's claims against the foreign Defendants[1] in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), as implemented by Congress in 9 U.S.C. §§ 201 *et seq*. This is so because: (1) the arbitration agreement between them is in writing; (2) arbitration is to take place in New York, which is in a country that is a signatory to the Convention; (3) the dispute arises from an insurance policy, which is a commercial legal relationship; and (4) two of the eleven Defendants—HDI Global Specialty SE and Certain Underwriters at Lloyd's London—are not citizens of the United States. *Id.* at *1–2 (citing *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004)).

The Court also finds there is no ambiguity affecting the validity of the broad arbitration clause. *Id.* at *2–3.

As to Plaintiff's claims against the domestic Defendants, Plaintiff's "allegations of interdependent and concerted misconduct by both the signatories to the valid and enforceable arbitration clause and non-signatories suffices to establish equitable estoppel." *Id.* at *3. Like in *City of Kenner*, Plaintiff's Petition for Damages is rife with allegations of substantially interdependent and concerted misconduct. (*See generally* Doc. 1-2.) "Thus, compelled arbitration is warranted as to both the foreign Defendants, as signatories, and the domestic Defendants, as

---

[1] "Foreign Defendants" refers to Certain Underwriters at Lloyd's London, which is a citizen of the United Kingdom, and HDI Global Specialty SE, which is a citizen of Germany. (*See* Doc. 1 at 7.) Plaintiff argues that HDI Global Specialty SE is a domiciliary of Illinois, but this assertion is incorrect. *See* Active Company Search, LA. DEP'T OF INS., https://www.ldi.la.gov/onlineservices/ActiveCompanySearch/Results.aspx (select "Name" in search bar; then type "HDI Global Specialty SE"; then click "Search"). In contrast, HDI Global Insurance Company is a domiciliary of Illinois. *Id.* (select "Name" in search bar; then type "HDI Global Insurance Company"; then click "Search"). "Domestic Defendants" refers to the remaining nine Defendants, who are citizens of the United States.

2

non-signatories whose conduct is 'intertwined, indeed identical.' " *City of Kenner*, 2022 WL 307295, at *3 (citing *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020)).

Because the Convention applies to compel arbitration of the claims against the foreign insurers, and because Plaintiff is equitably estopped from objecting to arbitration of the claims against the domestic insurers, the Court must compel arbitration of this entire dispute unless the arbitration agreement is "null and void, inoperative or incapable of being performed." *Freudensprung*, 379 F.3d at 339 (quoting New York Convention, art. II (3)).[2] In its Opposition, Plaintiff argues that (1) Louisiana law governs the contract as per Louisiana conflicts of laws principles; (2) enforcement of the arbitration clause offends its Due Process rights; and (3) if arbitration is required, it should take place in Louisiana applying Louisiana law. (Doc. 9 at 16–22.) Given that the arbitration clause at issue in this case mirrors the ones at issue in *City of Kenner v. Certain Underwriters at Lloyd's, London* and *Natchitoches Parish School Board v. Certain Underwriters at Lloyd's London, et al.*, the Court is not persuaded to forgo compelling arbitration in this case. Specifically, the Court does not find the policy language in these cases distinguishable enough from the current policy for Louisiana conflicts of laws principles to require that Louisiana law be applied. Like the court in *City of Kenner*, "th[is] Court finds there is no ambiguity as to choice of law issues." *City of Kenner*, 2022 WL 307295, at *3. Further, Plaintiff has provided no authority as to its Due Process argument, so this argument is waived. *See Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (collecting authorities on waiver).

---

[2] Because the Convention and equitable estoppel apply, the Court will not address Defendants' alternative arguments regarding the applicability of the Federal Arbitration Act.

3

Moreover, even if the Convention did not apply and preempt Louisiana law, Plaintiff's contention that La. R.S. § 22:868 would render the arbitration clause unenforceable is misplaced. True, La. R.S. § 22:868(A)(2) "generally prohibits insurance contracts from including arbitration clauses that deprive Louisiana courts of jurisdiction or venue over any action against an insurer[.]" *Thumbs Up Race Six, LLC v. Indep. Specialty Ins. Co.*, No 22-2671, 2023 WL 4235565, at *3 (E.D. La. June 28, 2023). However, that "statute does not apply to surplus lines insurance policies." *Id.* (citing *Certain Underwriters at Lloyd's, London v. Belmont Commons L.L.C.*, No. 22-3874, 2023 WL 105337, at *3 (E.D. La. Jan. 3, 2023)). This case involves surplus lines insurance. (*See* Doc. 7-2 at 128. *See also Natchitoches Par. Sch. Bd.*, Doc. 19 at 3 (analyzing the same policy language with respect to surplus lines and concluding that the language qualified the policy as surplus lines insurance).) Thus, regardless of whether state law is preempted, Louisiana's statutory prohibition against arbitration does not apply.

Once a court orders arbitration under the Convention, the parties may seek a stay of the litigation under 9 U.S.C. § 3, which is a provision of the domestic Federal Arbitration Act. *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010). Defendants have done so here. (Doc. 7-1 at 21.) A stay of the proceeding is mandatory "when a party demonstrates that any issue involved in the lawsuit is 'referable to arbitration under an agreement in writing for such arbitration.' " *Broussard v. First Tower Loan, LLC*, 150 F. Supp. 3d 709, 726 (E.D. La. 2015) (quoting 9 U.S.C. § 3). Thus, when a valid arbitration agreement governs, the court cannot deny a stay. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Therefore, the Court will stay this case until the completion of arbitration.

Accordingly,

**IT IS ORDERED** that the *Motion to Compel Arbitration and Stay the Proceedings* (Doc. 7) filed by Defendants, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity Company of Arizona, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company, is **GRANTED**, and this action shall be administratively closed. Should it be necessary to reopen this proceeding, a written motion shall be filed.

Signed in Baton Rouge, Louisiana, on <u>February 2, 2024</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**