UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THE CONCORD CONDOMINIUM
ASSOCIATION, INC.                                           CIVIL ACTION

VERSUS                                                      NO. 23-833-JWD-EWD

CERTAIN UNDERWRITERS
AT LLOYD'S LONDON, ET AL.

## RULING AND ORDER

This matter comes before the Court on the Motion to Lift Stay/Re-Open Case (Doc. 20) and the Motion for Reconsideration/ to Alter or Amend Judgment (Doc. 21) filed by Plaintiff The Concord Condominium Association, Inc. Defendants, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity Company of Arizona, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, "Defendants") oppose the motions. (Docs. 24 and 25.) Plaintiff has filed a reply to Defendants' opposition to Doc. 21. (Doc. 26.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's motions are denied.

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within twenty-eight (28) days of its entry. Fed. R. Civ. P. 59(e). District courts have considerable discretion in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). The factors to be considered in a Rule 59(e) analysis are whether: (1) the judgment is based upon a manifest error of fact or law; (2)

newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; (4) counsel engaged in serious misconduct; and (5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002) (citing *Metairie Bank & Trust Co. v. Payne*, 2000 WL 979980 (E.D. La. July 17, 2000); *Campbell v. St. Tammany Par. Sch. Bd.*, 1999 WL 777720 (E.D. La. Sept. 29, 1999)). However, a motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

The Court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). A motion for reconsideration does not support old arguments that are reconfigured. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316, n.18 (S.D. Tex. 1994). Mere disagreement with a prior ruling does not support a Rule 59(e) motion. *See e.g.*, *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Courts in the Fifth Circuit are directed to take motions under Rule 59(e) seriously. Two cases note that Rule 59(e) does not place any particular limitations upon the possible grounds for relief. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). The Court notes the Fifth Circuit's general principle that "the district court must strike a proper balance between two competing interests: 'the need to bring litigation to an end and the need to render just decisions on the basis of all the facts.' " *Ford*, 32 F.3d at 937 (quoting *Lavespere*, *supra*).

On February 2, 2024, the Court granted Defendants' Motion to Compel Arbitration and Stay the Proceeding. (Doc. 19.) Specifically, the Court found that it "must order arbitration of Plaintiff's claims against the foreign Defendants in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), as implemented by Congress in 9 U.S.C. §§ 201 *et seq*." (*Id.* at 2 (footnote omitted).) Further, "[a]s to Plaintiff's claims against the domestic Defendants, Plaintiff's 'allegations of interdependent and concerted misconduct by both the signatories to the valid and enforceable arbitration clause and non-signatories suffices to establish equitable estoppel.' " *Id.* (quoting *City of Kenner v. Certain Underwriters at Lloyd's, London*, No. 21-2064, 2022 WL 307295 at *3 (E.D. La. Feb. 2, 2022) (Barbier, J.)).

In Plaintiff's Motion for Reconsideration/ to Alter or Amend Judgment, it argues that "[s]ince the time Defendants filed their Motion to Compel Arbitration and Stay Proceedings, new law has emerged in New York's Second Circuit and Louisiana's Fifth Circuit which warrant reconsideration of the Honorable Court's February 2, 2024 judgment." (Doc. 21-1 at 3.) These cases include *Certain Underwriters at Lloyds et al. v. 3131 Veterans Blvd LLC*, No. 22-9849 (S.D.N.Y. Aug. 15, 2023); *Certain Underwriters at Lloyd's et al v. Mpire Props., LLC*, No. 22-9607 (S.D.N.Y. Sept. 28, 2023); and *Town of Vinton v. Certain Underwriters at Lloyd's London et al*, No. 23-240, 2023 WL 8655270, -- F. Supp. 3d --- (W.D. La. Dec. 14, 2023).[1]

In *Town of Vinton*, the Western District of Louisiana explained how

> Louisiana law prohibits arbitration agreements in insurance policies covering property within the state. La. R.S. § 22:868(A)(2). Under the McCarran-Ferguson Act, state laws regulating insurance are shielded from the preemptive effect of federal law. 15 U.S.C. §§ 1011, 1012. Accordingly, McCarran-Ferguson allows state laws like Louisiana Revised Statute section 22:868(A)(2) to "reverse-

---

[1] The Court will focus its analysis on *Town of Vinton* given that it was rendered by a court within the Fifth Circuit's jurisdiction.

3

> preempt" the Federal Arbitration Act's ["FAA"] provisions on the enforceability of insurance agreements. *See, e.g.*, *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490 (5th Cir. 2006). However, this "reverse preemption" applies only to "Acts of Congress" and not to treaties. *Safety Nat'l Cas. Corp. v. Certain Underwriters At Lloyd's, London*, 587 F.3d 714, 723 (5th Cir. 2009). The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") is one such treaty and requires signatory nations to " 'recognize an agreement in writing under which the parties undertake to submit to arbitration' their dispute 'concerning a subject matter capable of settlement by arbitration.' " *Id.* at 719 (quoting Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. II(1), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3). State insurance law thus has no impact on arbitration agreements arising under the Convention. *Id.* at 723–24; *see also McDonnel Group, LLC v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427 (5th Cir. 2019).

*Town of Vinton*, 2023 WL 8655270 at *1. The court went on to find that the Convention did not apply given that no foreign insurers were defending the lawsuit. *Id.* at *4. Therefore, "arbitration can only be compelled through the FAA." *Id.* at *5. The court then analyzed whether La. R.S. § 22:868(A)(2), Louisiana's anti-arbitration provision, reverse-preempts the FAA under the McCarran-Ferguson Act. *Id.* at *6–9. In finding that it does, the court held that La. R.S. § 22:868(D) did not provide for an exception to Louisiana's anti-arbitration provision in surplus lines insurance policies. *Id.* Therefore, the Court found that the arbitration clause was invalid under Louisiana law and denied the defendants' motion to compel arbitration. *Id.* at *9.

Although in its Ruling on Defendants' Motion to Compel Arbitration and Stay the Proceeding this Court came to a different conclusion than the Western District did in *Town of Vinton* and found that La. R.S. § 22:868(A)(2)'s general prohibition against arbitration does not apply to surplus lines insurance policies under La. R.S. § 22:868(D),[2] the Court's Ruling is distinguishable from *Town of Vinton*. Again, in *Town of Vinton*, the FAA, as opposed to the

---

[2] The Court recognizes that "[m]any district courts in Louisiana, including some in New York, have reached conflicting decisions on this specific issue" and that the Fifth Circuit recently adopted the same interpretation of La. R.S. § 22:868(D) as the Western District did in *Town of Vinton*. *S. K. A. V., L.L.C. v. Indep. Specialty Ins. Co.*, 103 F.4th 1121, 1123 (5th Cir. 2024).

4

Convention, applied. Here, the Court held that the FAA did not apply. (Doc. 19 at 3.) Rather, the Convention applied to the foreign Defendants, and because Plaintiff was equitably estopped from objecting to arbitration of the claims against the domestic insurers, the Court was bound to compel arbitration over the entire dispute. (*Id.*) Therefore, as *Town of Vinton* explains, "State insurance law . . . has no impact on [this] arbitration agreement[] [since this case] aris[es] under the Convention." *Town of Vinton*, 2023 WL 8655270, at *1. As such, the Court does not find that an intervening change in the law alters the appropriate outcome in this case to warrant granting a motion for reconsideration under Rule 59(e). Thus, Plaintiff's motions are denied.

Accordingly,

**IT IS ORDERED** that the Motion to Lift Stay/Re-Open Case (Doc. 20) and the Motion for Reconsideration/ to Alter or Amend Judgment (Doc. 21) filed by Plaintiff The Concord Condominium Association, Inc. are **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>August 27, 2024</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**